UNITED STATES of America, Appellee,

v.

**Ricky Good Voice FLUTE, Appellant.**

No. 86–5237.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 10, 1986.
Decided Dec. 29, 1986.

John J. Burnett, Albany, N.Y., for appellant.

Ted L. McBride, Asst. U.S. Atty., Rapid City, S.D., for appellee.

Before BOWMAN, Circuit Judge, BRIGHT, Senior Circuit Judge, and CONMY,* District Judge.

PER CURIAM.

Ricky Good Voice Flute appeals his conviction for assault with a dangerous weapon. For reversal, he submits that he was denied a fair trial because his defense counsel improperly was prevented from making certain remarks at the conclusion of his opening statement. We affirm the conviction.

Defendant's attorney attempted to conclude his opening remarks by requesting the jury to "keep an open mind" with respect to the evidence, and to avoid reaching a decision until all the evidence had been presented. The United States Attorney objected, claiming that the statements constituted improper argument to the jury, and the District Court sustained the objection. Defendant's attorney again attempted to make the same statement, and a similar objection was also sustained. Defendant's attorney concluded by asking that the jury "[j]ust hear all the evidence in this case, and after you have heard it all, then make up your mind."

A district court has discretion to regulate the content of opening statements. *United States v. Zielie*, 734 F.2d 1447, 1455 (11th Cir.1984), *cert. denied sub nom.*, 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985) *and* 469 U.S. 1216, 105 S.Ct. 1192, 84 L.Ed.2d 338 (1985). Although we perceive nothing improper about the statement defendant's attorney wished to make, we do not believe that the ruling of the District Court amounted to an abuse of discretion. The District Court previously had instructed the jury that defendant was entitled to the presumption of innocence, and in-

formed the jurors of their duty to "[k]eep an open mind" about the charges until they had heard all the evidence. Moreover, defendant's attorney ultimately was successful in making the desired statement to the jury, as is evident from the above-quoted portion of the transcript. Accordingly, the judgment of conviction is affirmed.

AFFIRMED.